IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HENRY TIMBERLAKE DUNCAN,**

      **Plaintiff,**

v.                                                      **Case No. 3:18-cv-01355**

**EXECUTIVE DIRECTOR DAVID FARMER,**
**et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Plaintiff Henry Timberlake Duncan's Third Amended Complaint, (ECF No. 262), and the Motion to Dismiss of Defendant Zxavian D. Martin, (ECF No. 254). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding district judge **GRANT** the motion to dismiss, (ECF No. 254); **DISMISS**, with prejudice, the Third Amended Complaint against Zxavian D. Martin; and **REMOVE** him as a defendant in this civil action.

**I.**     **Relevant Facts and Procedural History**

Duncan filed a *pro se* Third Amended Complaint pursuant to 42 U.S.C. § 1983, alleging that he was incarcerated in the Western Regional Jail ("WRJ") from August 26, 2015 through October 10, 2017 and suffered numerous deprivations of his rights during

1

that time. (ECF No. 262). As relevant to the pending motion, Duncan contends that Defendant C.O. Martin ("Martin") was a rover or tower officer assigned to the section of the WRJ in which Duncan was housed, and Martin denied Duncan outside recreation from August 26, 2015 until October 10, 2017. (*Id.* at 4, 5, 8, 19). In addition, Duncan alleges that Martin "failed to provide safe living conditions at [the] WRJ while [Duncan] was housed there." (*Id.* at 21).

Although Duncan named only one individual by the name of Martin as a defendant, two individuals with the last name Martin were served in this matter: Jarod Martin and Zxavian Martin. (ECF No. 154, 249). Jarod Martin filed a Motion to Dismiss, alleging that Duncan failed to allege sufficient facts to assert a claim against him, and he was shielded by qualified immunity. (ECF Nos. 172, 173). The Court denied the motion, finding that Duncan asserted a plausible claim under § 1983 regarding inadequate exercise. (ECF No. 253). Zxavian Martin filed a motion to dismiss, arguing that he was not even employed at the WRJ until November 12, 2018, which was more than year after Duncan was transferred out of the facility. (ECF Nos. 254, 255 at 3). Therefore, Zxavian Martin asserts that he is not the defendant identified in Duncan's Second Amended Complaint,[1] and he should be dismissed from the action with prejudice. (*Id.* at 5). Zxavian Martin attached to his motion a notarized affidavit from Bliss Coffman, a human resources officer at the WRJ, which states and provides supporting documentation that Zxavian Martin began employment at the WRJ on November 12, 2018. (ECF No. 254-1).

The undersigned entered an Order, notifying Duncan of his right to respond to Zxavian Martin's motion to dismiss. (ECF No. 259). The Order advised Duncan that his

---

[1] Duncan's Second Amended Complaint has been superseded by the Third Amended Complaint. (ECF No. 261). However, Duncan's allegations against Martin remain the same.

2

failure to respond by the deadline of July 17, 2020 could support a conclusion that the contentions in the motion to dismiss are undisputed, and may result in dismissal of the complaint. (*Id.*). Duncan did not file a response in opposition to the motion.

## II. Standards of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the Court will assume that the facts alleged in the Third Amended Complaint are true and will draw all reasonable inferences in the plaintiff's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). The Court will also consider documents attached to the amended complaint as exhibits. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (stating that the Court's review is generally limited to a review of the allegations of the complaint itself, but the Court also considers documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits). In addition, the Court may consider documents attached to a motion to dismiss, if they are integral to the complaint and there is no dispute about the document's authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

As the purpose of Rule 12(b)(6) is limited to challenging the adequacy of a complaint, the Court does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the

sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

While the Court "take[s] the facts in the light most favorable to the plaintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Courts are required to liberally construe *pro se* complaints, such as the amended complaint filed herein. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the amended complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411,

417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." *Id*. The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal markings omitted). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *Id.* at 50.

In this case, the record unequivocally demonstrates that Zxavian Martin was not the person who allegedly deprived Duncan of a federally protected civil right, privilege or

immunity under color of State law. While matters outside of the pleadings are generally not considered in resolving a motion to dismiss, the Court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. Duncan's Third Amended Complaint clearly contends that Martin, the named defendant in this case, was employed as a tower office or rover in Duncan's section of the WRJ during the time period of August 26, 2015 through October 10, 2017, and Martin personally denied Duncan the ability to exercise during that time period. (ECF No. 262 at 4, 5, 8, 19). The notarized affidavit from the WRJ's human resources officer states that Zxavian Martin was not employed at the WRJ until November 12, 2018, more than a year after Duncan left the facility. (ECF No. 254-1). Therefore, Zxavian Martin could not have been "C.O. Martin" at the WRJ, who allegedly deprived Duncan of his rights from 2015 through 2017. Duncan does not dispute the authenticity of the foregoing affidavit, nor does Duncan dispute the veracity of Zxavian Martin's assertion that he is not a proper defendant in this lawsuit. Therefore, the undersigned **FINDS** that the motion should be granted.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding district judge **GRANT** the Motion to Dismiss of Defendant Zxavian D. Martin, (ECF No. 254); **DISMISS**, with prejudice, the third amended complaint against Zxavian D. Martin; and **REMOVE** Zxavian D. Martin as a defendant in this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, Defendants, counsel of record, and any unrepresented parties.

**FILED:** July 27, 2020

Cheryl A. Eifert
United States Magistrate Judge